William **PAULING, Michelle Gillyard and Anthony Washington, Plaintiffs,**

v.

**SECRETARY OF THE DEPARTMENT OF INTERIOR, Defendant.**

**No. 95 CIV. 8408 (DLC).**

United States District Court, S.D. New York.

April 29, 1997.

---

Lee F. Bantle, Bedlock Levine & Hoffman, L.L.P., New York City, for Plaintiffs.

Jennifer K. Brown, Assistant United States Attorney, Mary Jo White, United States Attorney, Southern District of New York, New York City, for Defendant.

## MEMORANDUM OPINION

COTE, District Judge:

In an Opinion dated April 14, 1997, this Court granted plaintiffs the opportunity to take one deposition of a Government witness regarding the placement of an EEO poster at the Statue of Liberty where plaintiff William Pauling formerly worked. This Court's decision to allow the deposition was not based on plaintiffs' motion pursuant to Rule 56(f), Fed. R.Civ.P., because plaintiffs failed to make a sufficient showing under Rule 56(f). Rather, the Court permitted the deposition solely because the Government failed to produce the EEO poster until the briefing of the motion for summary judgment was already under way.

It has now come to the Court's attention that after the issuance of the April 14 Opinion, plaintiffs' counsel had *ex parte* communications with Nancy Rivera and Kenneth Glasgow, both current employees of the Statue of Liberty, on the subject of the EEO posters. The Government contends that these contacts violate Disciplinary Rule 7–104(A)(1) of the Code of Professional Responsibility, which provides that

> During the course of his representation of a client a lawyer shall not:
>
> 1. Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

There can be no dispute that plaintiffs' counsel was aware that both Rivera and Glasgow were represented by the attorney for the Government. Plaintiffs' lawyer noticed, but did not take, the deposition of Glasgow, and actually took the deposition of Rivera, who was represented at her deposition by the Government's lawyer. Thus, the issue is whether an attorney in a litigation may speak to a lower-level employee of an adversary whom the attorney knows is represented by counsel.

The Government relies principally on the New York Court of Appeals case of *Niesig v. Team I*, 76 N.Y.2d 363, 559 N.Y.S.2d 493, 558 N.E.2d 1030 (1990), which rejected a "control-group" test for determining whether employees of a corporation are "parties," and instead defined "party" as including

> corporate employees whose acts or omissions in the matter under inquiry are binding on the corporation (in effect, the corporation's "alter egos") or imputed to the corporation for purposes of its liability, or employees implementing the advice of counsel.

*Id.* at 374, 559 N.Y.S.2d at 498, 558 N.E.2d at 1035. Plaintiffs rely on *Frey v. Department of Health & Human Servs.*, 106 F.R.D. 32 (E.D.N.Y.1985), which held that the term "party" encompasses

> those employees who are the agency's alter ego [that is, those individuals who can bind it to a decision or settle controversies on its behalf] ... and that at least the high level managerial employees who participated in the decision not to promote plaintiff fall within that category.

*Id.* at 35. I note that the courts have not uniformly interpreted the term "party" in

this Disciplinary Rule. *See generally* John D. Hodson, *Right of Attorney to Conduct Ex Parte Interviews with Corporate Party's Nonmanagement Employees*, 50 A.L.R.4th 652 (1986).

I find that I need not enter the thicket of judicial opinion and determine the exact contours of the definition of "party" in DR 7–104(A)(1).[1] Plaintiffs' counsel was aware that Rivera was represented by counsel, and yet communicated with her *ex parte* about the very issue this Court ruled that he could inquire about in a deposition. Therefore, while I do not reach whether plaintiffs' counsel violated DR 7–104(A)(1), I find that counsel's actions in this matter warrant revising my earlier ruling that plaintiffs were entitled to a deposition of a person familiar with the EEO notices. Accordingly, plaintiffs will not be permitted an additional deposition.

SO ORDERED.

---

1. I note that the ABA Model Rules, which are not the law in New York, apply to all represented "persons," and include in the definition of "person" any employee "whose statement may constitute an admission on the part of the organization," Rule 4.2, cmt. [2].